**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

    Plaintiff,

v.                                      Case No. 8:26-cv-748-TPB-TGW

CITY OF CLEARWATER, et al.,

    Defendants.

_____/

**ORDER DENYING "PLAINTIFF'S**
**RENEWED MOTION FOR PRELIMINARY INJUNCTION"**

This matter is before the Court on "Plaintiff's Renewed Motion for Preliminary Injunction," filed *pro* se by Plaintiff Randle Anthony Ruether on April 22, 2026.   (Doc. 22).   Defendants filed responses in opposition to the renewed motion.  (Docs. 44; 45; 46; 47).   Upon review of the motion, responses, case file, and record, the Court finds as follows:

The 151-paragraph second amended complaint is somewhat confusing.  In sum, Plaintiff alleges he is a portrait artist who creates expressive artwork in public places. Between 2023 and 2025, eleven Defendants, including law enforcement officers through their respective government entities, allegedly repeatedly confronted, removed, and cited Plaintiff on various occasions while he was engaged in peaceful activity.  Plaintiff claims that this peaceful activity consisted of accepting donations for his expressive artwork on various sidewalks in Clearwater Beach and Madeira Beach.  As a result of being confronted, cited, and removed from the sidewalks by

various Defendants, Plaintiff claims he has experienced stress, anxiety, fear, lost income, and that he has altered his behavior due to fear of confrontation.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend on or before April 20, 2026, and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint bringing claims for: violation of the First Amendment (Counts I and II); violation of the Fourteenth Amendment (Counts III and IV); violation of due process/fair notice (Counts V and VI); municipal liability (Counts VII and VIII); joint action under color of law (Count IX); supervisory liability (Count X); and declaratory and injunctive relief (Count XI). He filed a renewed motion for preliminary injunction, thereafter. (Doc. 22).

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites."

*Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

To succeed on his motion, Plaintiff must establish a substantial likelihood of success on the merits and irreparable injury. Although Plaintiff may believe that his constitutional rights were violated, based on the current record before the Court, he has failed to show a substantial likelihood of success on the merits, particularly in light of the arguments raised in the pending motions to dismiss and responses in opposition to the motion for preliminary injunction. Plaintiff has also failed to demonstrate irreparable harm because he has not established that the harm he has suffered is likely to reoccur. In addition, his request for injunctive relief appears overbroad as it would appear to prohibit any law enforcement activities or interactions involving Plaintiff.

That being said, this Order should not be read to be predictive as to the ultimate validity of Plaintiff's claims. For now, all that can be said is that Plaintiff has not established a substantial likelihood of success on the merits and irreparable injury at this early stage of this litigation. The motion for a preliminary injunction is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Renewed Motion for Preliminary Injunction" (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 15th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE