**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

Plaintiff,

v. Case No. 8:26-cv-748-TPB-TGW

CITY OF CLEARWATER, et al.,

Defendants.
_______________________________________/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS CITY OF MADEIRA BEACH'S AND BARBARA SCOTT'S "MOTION TO DISMISS SECOND AMENDED COMPLAINT"**

This matter is before the Court on Defendants City of Madeira Beach's and Barbara Scott's "Motion to Dismiss Second Amended Complaint," filed on April 29, 2026. (Doc. 24). Plaintiff Randle Anthony Ruether, proceeding *pro se*, filed a response in opposition on May 11, 2026, and a second response in opposition on May 21, 2026.[1] (Docs. 30; 32). Upon review of the motion, responses, case file, and record, the Court finds as follows:

[1] While the Court will consider both responses filed by Plaintiff in an abundance of caution, Plaintiff is warned that he is only entitled to file a single response in opposition to each motion. Failure to do so may result in the Court striking additional filings.

## Background[2]

Plaintiff alleges that while he was operating as an artist at Clearwater Beach and Madeira Beach various defendants were involved in illegally confronting, removing, or citing him for his activities. The Defendants have moved to dismiss Plaintiff's second amended complaint. The 151-paragraph second amended complaint is somewhat confusing. In sum, Plaintiff alleges he is a portrait artist who creates expressive artwork in public places. Between 2023 and 2025, Plaintiff was allegedly confronted, removed, or cited on several occasions by various Defendants while creating portraits and accepting donations on sidewalks in Clearwater Beach and Madeira Beach. Plaintiff alleges that as a result of these encounters, he has experienced stress, anxiety, fear, and lost income and has altered his behavior due to fear of further confrontation.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint bringing claims for: violation of the First Amendment (Counts I and II); violation of the Fourteenth Amendment

[2] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

(Counts III and IV); violation of due process/fair notice (Counts V and VI); municipal liability (Counts VII and VIII); joint action under color of law (Count IX); supervisory liability (Count X); and declaratory and injunctive relief (Count XI). Plaintiff filed a renewed motion for preliminary injunction, which the Court later denied. (Docs. 22; 57). Defendants City of Madeira Beach and Barbara Scott now move to dismiss Counts II, IV, VI, and VIII brought against them.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Plaintiff brings Counts II, IV, VI against Scott and Count VIII against Madeira Beach. Defendants move to dismiss the claims against them on various grounds, including failure to state a claim and qualified immunity.

### ***Claims Against Defendant Barbara Scott***

Count II

Plaintiff brings Count II against Scott for violation of his First Amendment rights. Scott moves to dismiss on grounds that Plaintiff fails to state a First Amendment violation.

To state a First Amendment claim under § 1983, Plaintiff must plausibly allege that Defendant's actions infringed protected expressive activity in a manner prohibited by the First Amendment. *See Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 896 (11th Cir. 2015) ("At a minimum, to state a First Amendment claim,

a plaintiff must allege that [his] First Amendment rights were impermissibly burdened in some way.").

Accepting the factual allegations as true, Plaintiff alleges that Scott informed him that the area where he was located was privately owned. Plaintiff does not allege that Scott restricted his speech, directed law enforcement to remove him, or otherwise participated in any deprivation of his rights. Although Plaintiff may disagree with the correctness of Scott's explanation, disagreement with an individual's interpretation of property ownership or municipal ordinances does not, without more, state a First Amendment claim.

Accordingly, the motion is granted as to this ground, and Count II against Scott is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count II is dismissed with prejudice, without leave to amend.

Count IV

Plaintiff brings Count IV against Scott for violation of the Fourteenth Amendment's equal protection clause based on selective enforcement. Scott moves to dismiss on grounds that Plaintiff fails to state a claim.

To sustain a claim under the Fourteenth Amendment for selective enforcement, Plaintiff must plausibly allege that "(1) [he] was treated differently from other similarly-situated individuals, and (2) the governmental entities unequally applied a facially neutral ordinance for the purpose of discriminating against him." *See JERMC LTD. v. Town of Reddington Shores*, No. 8:19-cv-688-T-

60AAS, 2020 WL 1974224, at *5 (M.D. Fla. Apr. 24, 2020) (citing *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996)).

Plaintiff fails to plausibly allege that Scott selectively enforced any law against him. As discussed above, the factual allegations concerning Scott are limited to her alleged statement that the area where Plaintiff was located was privately owned. Plaintiff does not allege that Scott made any enforcement decision, directed law enforcement to take action against Plaintiff, or otherwise personally participated in the allegedly differential treatment.

Moreover, Plaintiff fails to sufficiently allege a similarly situated comparator. The complaint alleges that another performer, identified as "Atticus," was not approached by law enforcement while Plaintiff was. The complaint, however, contains no factual allegation permitting the Court to conclude that the alleged comparator was similarly situated in all material respects. There are no allegations regarding the comparator's location, activities, relationship to the applicable ordinance, or other circumstances relevant to the enforcement decision. *See Sheets v. Jimenez*, No. 2:24-cv-704-SPC-KCD, 2025 WL 1725954, at *3 (M.D. Fla. June 20, 2025) ("Ultimately, Plaintiff fails to allege any facts suggesting his proffered comparators were similarly situated to him or that the Officers selectively enforced the Ordinance against him[.]"). The bare assertion that another performer was present in the same general area is insufficient to plausibly state a selective enforcement claim.

Accordingly, Count IV fails to state a claim against Scott. Although additional factual allegations concerning an appropriate comparator could potentially cure the latter deficiency, they would not cure the more fundamental problem that Plaintiff does not allege that Scott participated in the challenged enforcement decision. The factual allegations underlying the claim do not suggest that Plaintiff could cure this deficiency through further amendment. Count IV against Scott is therefore dismissed with prejudice, without leave to amend.

Count VI

Plaintiff brings Count VI for violation of his due process rights because he was given differing explanations as to why Plaintiff could not continue his activities, including references to private property, permits, and a business tax receipt. Scott moves to dismiss for failure to state a claim.

The Due Process Clause protects against deprivations of protected liberty or property interests without constitutionally adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). To state a claim under the Fourteenth Amendment's due process clause, Plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (citations omitted).

Plaintiff does not plausibly allege that he was deprived of any liberty or property interests. As to Scott, the complaint only alleges that Scott informed Plaintiff that the property was privately owned. Even assuming this statement was

incorrect, providing inaccurate information regarding property ownership, without more, does not constitute a deprivation of procedural due process. *See Barnes v. Singer*, No. 3:07-cv-725-J-12MCR, 2009 WL 1748507, at *14 (M.D. Fla. June 19, 2009) ("[A] procedural due process violation that is the product of mistake or innocent neglect cannot form the basis for a section 1983 action.").

Accordingly, the motion is granted to the extent that Count VI against Scott is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count VI is dismissed with prejudice, without leave to amend.

Qualified Immunity

Scott also raises qualified immunity as a basis for dismissal. Because the Court concludes that Plaintiff fails to state a constitutional claim against Scott, the Court need not reach Scott's qualified immunity defense.

***Defendant City of Madeira Beach***

Count VIII

Plaintiff attempts to assert a municipal liability claim in Count VIII. Madeira Beach moves to dismiss for failure to state a claim.

"A plaintiff seeking to impose Section 1983 liability on a municipality for the actions of [an officer or employee] must identify an official policy or custom constituting the 'moving force' behind the constitutional violation." *Artuble v. Colonial Bank Grp., Inc.*, No. 8:08-cv-179-T-23-MAP, 2008 WL 3411785, at *8 (M.D. Fla. Aug. 8, 2008) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436

U.S. 658, 694 (1978); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Scott v. Miami-Dade Cnty.*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *4 (S.D. Fla. Dec. 13, 2016).

Here, Plaintiff makes conclusory allegations that the City's actions reflected a "policy, custom, practice, failure to train, failure to supervise, or deliberate indifference." Those allegations merely recite the recognized theories of municipal liability. The complaint identifies no official policy, no decision by a final policymaker, no pattern of similar constitutional violations, and no facts supporting deliberate indifference or an inadequate training program. Accordingly, Count VIII consists largely of legal conclusions unsupported by factual allegations and therefore fails to state a claim under *Monell*. Count VIII is therefore dismissed without prejudice, with leave to amend if Plaintiff may do so in good faith.

<u>Count XI</u>

Plaintiff also seeks declaratory and injunctive relief. Because the complaint fails to state any plausible constitutional claim against the City of Madeira Beach, Plaintiff likewise fails to state a basis for the requested equitable relief.

In addition, the Court *sua sponte* finds that declaratory relief and injunctive relief are not independent causes of action. *See Rood v. Town of Ft. Myers Beach, Fla.*, No. 2:20-cv-981-SPC-MRM, 2021 WL 1662761, at *3 (M.D. Fla. Apr. 28, 2021) ("But the request for declaratory relief is not a cause of action."); *see also Alabama*

*v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. There is no such thing as a suit for a traditional injunction in the abstract.") (citations and quotations omitted).

Accordingly, the motion is granted as to this ground, and Count XI is dismissed, without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants City of Madeira Beach's and Barbara Scott's "Motion to Dismiss Second Amended Complaint" (Doc. 24) is hereby **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**, as set forth herein.

(2) Counts II, IV, and VI against Defendant Barbara Scott are **DISMISSED WITH PREJUDICE**, without leave to amend. Barbara Scott is **DISMISSED** as a Defendant in this action. The Clerk is **DIRECTED** to terminate Barbara Scott as a party to this action.

(3) Count VIII against Defendant City of Madeira Beach is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Count XI is **DISMISSED**, without leave to amend.

(5) This Order is being entered contemporaneously with other Orders on pending motions to dismiss. Plaintiff is directed to file an amended

complaint on or before August 24, 2026. Plaintiff shall omit any claims dismissed with prejudice or without leave to amend. Even if Plaintiff does not intend to replead certain counts, Plaintiff shall file an amended complaint identifying the claims that remain so that there is a single operative pleading. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE