**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

Plaintiff,

v. Case No. 8:26-cv-748-TPB-TGW

CITY OF CLEARWATER, et al.,

Defendants.
_____________________________________/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART "DEFENDANTS' CITY OF CLEARWATER MOTION TO DISMISS"**

This matter is before the Court on Defendants City of Clearwater, Lieutenant Margaret Hasty, Sergeant Lee Curtis, Sergeant Corey Lenczden, Officer Cole Klein, Officer Jon Yuen, and Officer Matthew Capone's motion to dismiss, filed on May 5, 2026. (Doc. 25). Plaintiff Randle Anthony Ruether, proceeding *pro se*, filed a response in opposition on May 11, 2026, and a second response in opposition on May 21, 2026.[1] (Docs. 29; 32). Upon review of the motion, responses, case file, and record, the Court finds as follows:

**Background[2]**

Plaintiff alleges that while he was operating as an artist at Clearwater Beach and Madeira Beach various defendants were involved in illegally confronting,

[1] While the Court will consider both responses filed by Plaintiff in an abundance of caution, Plaintiff is warned that he is only entitled to file a single response in opposition to each motion. Failure to do so may result in the Court striking additional filings.
[2] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

removing, or citing him for his activities. The 151-paragraph second amended complaint is somewhat confusing. In sum, Plaintiff alleges he is a portrait artist who creates expressive artwork in public places. Between 2023 and 2025, eleven Defendants, including law enforcement officers through their respective government entities, allegedly repeatedly confronted, removed, and cited Plaintiff on various occasions while he was engaged in peaceful activity. Plaintiff claims that this peaceful activity consisted of accepting donations for his expressive artwork on various sidewalks in Clearwater Beach and Madeira Beach. As a result of being confronted, cited, and removed from the sidewalks by various Defendants, Plaintiff claims he has experienced stress, anxiety, fear, lost income, and that he has altered his behavior due to fear of confrontation.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend on or before April 20, 2026, and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint bringing claims for: violation of the First Amendment (Counts I and II); violation of the Fourteenth Amendment (Counts III and IV); violation of due process/fair notice (Counts V and VI); municipal liability (Counts VII and VIII); joint action under color of law (Count IX); supervisory liability (Count X); and declaratory and injunctive relief (Count XI). Plaintiff filed a renewed motion for preliminary injunction, which the Court later denied. (Docs. 22; 57). Defendants City of Clearwater, Lieutenant

Margaret Hasty, Sergeant Lee Curtis, Sergeant Corey Lenczden, Officer Cole Klein, Officer Jon Yuen, and Officer Matthew Capone now move to dismiss Counts I, III, V, VII, and X brought against them.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have

"license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Plaintiff brings Counts I, III, V, VII, and X against Clearwater, Hasty, Curtis, Lenczden, Klein, Yuen, and Capone. Defendants move to dismiss the claims against them on various grounds, including failure to state a claim and qualified immunity.

### *Shotgun Pleading*

Defendants seek dismissal of the second amended complaint as a shotgun pleading. The Court previously dismissed Plaintiff's amended complaint as an impermissible shotgun pleading and afforded Plaintiff an opportunity to amend. The second amended complaint is improved. The claims are organized by count, the counts generally identify the defendants against whom they are asserted, and Plaintiff no longer indiscriminately incorporates every preceding allegation into each count. Accordingly, the Court declines to dismiss the second amended complaint as a shotgun pleading. Nevertheless, several counts fail to state a claim upon which relief may be granted.

### *Individual Officer Defendants*

#### Count I

Plaintiff brings Count I against the individual officers for violation of his First Amendment rights. Defendants move to dismiss on grounds that Plaintiff fails to state a First Amendment violation.

To state a First Amendment claim under § 1983, Plaintiff must plausibly allege that Defendant's actions infringed protected expressive activity in a manner

prohibited by the First Amendment. *See Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 896 (11th Cir. 2015) ("At a minimum, to state a First Amendment claim, a plaintiff must allege that [his] First Amendment rights were impermissibly burdened in some way.").

Accepting the factual allegations as true, the complaint fails to plausibly allege that any of these Defendants restricted Plaintiff's activity because of his expressive content or his viewpoint. Instead, the complaint alleges that officers cited or directed Plaintiff to relocate based upon asserted violations of municipal ordinances governing sidewalk obstruction, street vending, or the geographic limits of the Pier 60 Sunset Festival. Plaintiff disputes whether these ordinances apply and says that they were enforced incorrectly or inconsistently. But allegations that officers generally misapplied applicable ordinances do not, without more, plausibly state a First Amendment violation.

Accordingly, the motion is granted as to this ground, and Count I against the officers is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count I is dismissed with prejudice, without leave to amend.

Count III

Plaintiff brings Count III against the individual officers for violation of the Fourteenth Amendment's equal protection clause based on selective enforcement. Defendants move to dismiss on grounds that Plaintiff fails to state a claim.

To sustain a claim under the Fourteenth Amendment for selective enforcement, Plaintiff must show that "(1) the plaintiff was treated differently from other similarly-

situated individuals, and (2) the governmental entities unequally applied a facially neutral ordinance for the purpose of discriminating against him." *See JERMC LTD. v. Town of Reddington Shores*, No. 8:19-cv-688-T-60AAS, 2020 WL 1974224, at *5 (M.D. Fla. Apr. 24, 2020) (citing *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996)).

Here, Plaintiff's selective enforcement claim requires some factual allegations demonstrating that similarly situated individuals were treated differently. But Plaintiff merely identifies various performers, vendors, and other individuals that were not subject to enforcement. The complaint contains insufficient factual allegations that would permit the Court to conclude that the identified individuals were similarly situated to Plaintiff in all material respects. For instance, Plaintiff does not allege facts showing that the proposed comparators occupied the same locations, engaged in materially similar conduct, were subject to the same ordinances, or encountered the same officers under comparable circumstances. *See Sheets v. Jimenez*, No. 2:24-cv-704-SPC-KCD, 2025 WL 1725954, at *3 (M.D. Fla. June 20, 2025) ("Ultimately, Plaintiff fails to allege any facts suggesting his proffered comparators were similarly situated to him or that the Officers selectively enforced the Ordinance against him[.]"). Plaintiff's selective enforcement claim is due to be dismissed.

The motion is granted to the extent that Count III is dismissed. Because it is conceivable that Plaintiff could cure this deficiency by alleging additional facts concerning an appropriate similarly situated comparator, the Court cannot conclude that amendment would necessarily be futile. In an abundance of caution, Count III is dismissed without prejudice, with leave to amend if Plaintiff may do so in good faith.

Count V

Plaintiff brings Count V for violation of his due process rights against the individual officers. Defendants move to dismiss for failure to state a claim.

The Due Process Clause protects against deprivations of protected liberty or property interests without constitutionally adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). To state a claim under the Fourteenth Amendment's due process clause, Plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (citations omitted).

Plaintiff does not plausibly allege that he was deprived of any liberty or property interests. As to the individual officers, Plaintiff alleges disagreement concerning the legal bases articulated during enforcement encounters. Allegations that an officer provided inconsistent or incorrect legal explanations do not state a procedural due process claim. *See Barnes v. Singer*, No. 3:07-cv-725-J-12MCR, 2009 WL 1748507, at *14 (M.D. Fla. June 19, 2009) ("[A] procedural due process violation that is the product of mistake or innocent neglect cannot form the basis for a section 1983 action.").

Accordingly, the motion is granted to the extent that Count V against the officers is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count V is dismissed with prejudice, without leave to amend.

Count X

In Count X, Plaintiff attempts to allege supervisory liability against alleged supervisory Defendants Hasty, Curtis, and Lenczden. Defendants move to dismiss for failure to state a claim. Supervisory officials are not liable under § 1983 based solely on their supervisory position or under a theory of respondeat superior. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Rather, a plaintiff must allege facts plausibly showing that the supervisor either personally participated in the alleged constitutional violation, or that a causal connection exists between the supervisor's conduct and the alleged constitutional violation. *See Braddy v. Fla. Dep't of Lab. and Emp. Sec.*, 133 F. 3d 797, 802 (11th Cir. 1998) (quoting *Brown*, 906 F.2d at 671).

As an initial matter, Plaintiff does not allege facts showing what supervisory authority, if any, Hasty, Curtis, or Lenczden exercised over the officers involved in the challenged conduct. Second, Count X is replete with conclusory allegations and fails to show any personal participation or causal connection between Hasty, Curtis, or Lenczden's conduct and an alleged constitutional violation.[3] Count X is due to be dismissed. *See Milinavicius v. Jackson*, No. 1:14-CV-62(LJA), 2015 WL 13667164, at *2 (M.D. Ga. Feb. 26, 2015) ("Conclusory allegations that supervisory officials failed to properly train and supervise staff are insufficient to establish supervisory liability under § 1983."); *see also Santais v. Corr. Corp. of Am.*, No. 5:16-cv-80, 2017 WL

[3] To establish the causal connection, Plaintiff must allege "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and that he fails to do so." *See Brown*, 609 F.2d at 671. Importantly, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation omitted).

402979, at *3 (S.D. Ga. Jan. 30, 2017) (dismissing a § 1983 supervisory liability claim where the plaintiff did not make any factual allegations that the supervisor directly participated or was otherwise causally connected to the deprivation).

Although Count X presently contains only conclusory allegations concerning supervisory liability, the Court cannot conclude that Plaintiff could not cure these deficiencies by alleging additional facts concerning the supervisory roles of these Defendants and the requisite causal connection. In an abundance of caution, Count X is dismissed without prejudice, with leave to amend if Plaintiff may do so in good faith.

Qualified Immunity

The individual officers also raise qualified immunity as a basis for dismissal. Because the Court concludes that Plaintiff fails to state any constitutional claims against the officers, the Court need not reach the officers' qualified immunity defenses at this time.

***Defendant City of Clearwater***

Count VII

Plaintiff attempts to assert a municipal liability claim in Count VII. Clearwater moves to dismiss for failure to state a claim.

"A plaintiff seeking to impose Section 1983 liability on a municipality for the actions of [an officer or employee] must identify an official policy or custom constituting the 'moving force' behind the constitutional violation." *Artuble v. Colonial Bank Grp., Inc.*, No. 8:08-cv-179-T-23-MAP, 2008 WL 3411785, at *8 (M.D. Fla. Aug. 8, 2008) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). To demonstrate a

policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Scott v. Miami-Dade Cnty.*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *4 (S.D. Fla. Dec. 13, 2016).

Here, Plaintiff makes conclusory allegations that the City's actions reflected a "policy, custom, practice, failure to train, failure to supervise, or deliberate indifference." Those allegations merely recite the recognized theories of municipal liability. The complaint identifies no official policy, no decision by a final policymaker, no pattern of similar constitutional violations, and no facts supporting deliberate indifference or an inadequate training program. Instead, Plaintiff relies almost exclusively on his own encounters with Clearwater police officers. Although Plaintiff describes several encounters involving himself, those allegations do not plausibly establish a persistent and widespread municipal practice having the force of law. He therefore fails to sufficiently state a *Monell* claim.

Accordingly, Count VII is dismissed without prejudice, with leave to amend if Plaintiff may do so in good faith.

***Count XI***

Plaintiff also seeks declaratory and injunctive relief. The Court *sua sponte* finds that declaratory relief and injunctive relief are not independent causes of action. *See Rood v. Town of Ft. Myers Beach, Fla.*, No. 2:20-cv-981-SPC-MRM, 2021 WL 1662761, at *3 (M.D. Fla. Apr. 28, 2021) ("But the request for declaratory relief is not a cause of action."); *see also Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or

a nuisance. There is no such thing as a suit for a traditional injunction in the abstract.") (citations and quotations omitted). Accordingly, Count XI is dismissed to the extent Plaintiff asserts these equitable forms of relief as independent causes of action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' City of Clearwater Motion to Dismiss" (Doc. 25) is hereby **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**, as set forth herein.

(2) Counts I and V against Defendants Lieutenant Margaret Hasty, Sergeant Lee Curtis, Sergeant Corey Lenczden, Officer Cole Klein, Officer Jon Yuen, and Officer Matthew Capone are **DISMISSED WITH PREJUDICE**, without leave to amend.

(3) Count III against Defendants Lieutenant Margaret Hasty, Sergeant Lee Curtis, Sergeant Corey Lenczden, Officer Cole Klein, Officer Jon Yuen, and Officer Matthew Capone is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Count VII against Defendant City of Clearwater is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(5) Count X against Defendants Lieutenant Margaret Hasty, Sergeant Lee Curtis, and Sergeant Corey Lenczden is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(6) Count XI is **DISMISSED**, without leave to amend.

(7) This Order is being entered contemporaneously with other Orders on pending motions to dismiss. Plaintiff is directed to file an amended complaint on or before August 24, 2026. Plaintiff shall omit any claims dismissed with prejudice or without leave to amend. Even if Plaintiff does not intend to replead certain counts, Plaintiff shall file an amended complaint identifying the claims that remain so that there is a single operative pleading. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE