**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

Plaintiff,

v. Case No. 8:26-cv-748-TPB-TGW

CITY OF CLEARWATER, et al.,

Defendants.
_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART "DEPUTY EUGENE PANICCIA, INDIVIDUAL CAPACITY'S, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT"**

This matter is before the Court on "Defendant Eugene Paniccia, Individual Capacity's, Motion to Dismiss Plaintiff's Second Amended Complaint," filed on May 18, 2026. (Doc. 31). Plaintiff Randle Anthony Ruether, proceeding *pro se*, filed a response in opposition on May 21, 2026. (Doc. 32). Upon review of the motion, response, case file, and record, the Court finds as follows:

## Background[1]

Plaintiff alleges that while he was operating as an artist at Clearwater Beach and Madeira Beach various defendants were involved in illegally confronting, removing, or citing him for his activities. The Defendants have moved to dismiss Plaintiff's second amended complaint. The 151-paragraph second amended complaint is somewhat confusing. In sum, Plaintiff alleges he is a portrait artist who creates

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

expressive artwork in public places. Between 2023 and 2025, Plaintiff was allegedly confronted, removed, or cited on several occasions by various Defendants while creating portraits and accepting donations on sidewalks in Clearwater Beach and Madeira Beach. Plaintiff alleges that as a result of these encounters, he has experienced stress, anxiety, fear, and lost income and has altered his behavior due to fear of further confrontation.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint bringing claims for: violation of the First Amendment (Counts I and II); violation of the Fourteenth Amendment (Counts III and IV); violation of due process/fair notice (Counts V and VI); municipal liability (Counts VII and VIII); joint action under color of law (Count IX); supervisory liability (Count X); and declaratory and injunctive relief (Count XI). Plaintiff filed a renewed motion for preliminary injunction, which the Court later denied. (Docs. 22; 57).

Defendant Eugene Paniccia now moves to dismiss Counts II, IV, VI, and XI brought against him.

## <u>Legal Standard</u>

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does

require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

**<u>Analysis</u>**

Plaintiff brings Counts II, IV, VI and XI against Defendant Eugene Paniccia. Deputy Paniccia moves to dismiss the claims against him on various grounds, including failure to state a claim and qualified immunity.

***Count II***

Plaintiff brings Count II against Deputy Paniccia for violation of his First Amendment rights during encounters at John's Pass in March 2024 and April 2025. Deputy Paniccia moves to dismiss on grounds that Plaintiff fails to state a First Amendment violation.

To state a First Amendment claim under § 1983, Plaintiff must plausibly allege that Defendant's actions infringed protected expressive activity in a manner prohibited by the First Amendment. *See Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 896 (11th Cir. 2015) ("At a minimum, to state a First Amendment claim, a plaintiff must allege that [his] First Amendment rights were impermissibly burdened in some way.").

Accepting the factual allegations as true, Plaintiff alleges that Deputy Paniccia informed him that he was on private property during one encounter and, during another, advised him that he required a local business tax receipt before conducting his activities. Plaintiff further alleges that he disagreed with those explanations and believes the locations were public property. Plaintiff's allegations do not plausibly suggest that Deputy Paniccia acted because of Plaintiff's protected expression or because of the content or viewpoint of Plaintiff's speech. Rather, the complaint merely alleges and suggests that Deputy Paniccia acted pursuant to property restrictions and local ordinance enforcement. Although Plaintiff disputes the correctness of those explanations, disagreement with an officer's interpretation of property ownership or municipal ordinances does not, without more, state a First Amendment claim.

Accordingly, the motion is granted as to this ground, and Count II against Deputy Paniccia is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count II is dismissed with prejudice, without leave to amend.

***Count IV***

Plaintiff brings Count IV against Deputy Paniccia for violation of the Fourteenth Amendment's equal protection clause based on selective enforcement. Deputy Paniccia moves to dismiss on grounds that Plaintiff fails to state a claim.

To sustain a claim under the Fourteenth Amendment for selective enforcement, Plaintiff must plausibly allege that "(1) [he] was treated differently from other similarly-situated individuals, and (2) the governmental entities unequally applied a facially neutral ordinance for the purpose of discriminating against him." *See JERMC LTD. v. Town of Reddington Shores*, No. 8:19-cv-688-T-60AAS, 2020 WL 1974224, at *5 (M.D. Fla. Apr. 24, 2020) (citing *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996)).

The complaint alleges that another performer, identified as "Atticus," was not approached by law enforcement while Plaintiff was. The complaint, however, contains no factual allegation permitting the Court to conclude that the alleged comparator was similarly situated in all material respects. There are no allegations regarding the comparator's location, activities, relationship to applicable ordinance, or other circumstances relevant to the enforcement decision. *See Sheets v. Jimenez*, No. 2:24-cv-704-SPC-KCD, 2025 WL 1725954, at *3 (M.D. Fla. June 20, 2025) ("Ultimately, Plaintiff fails to allege any facts suggesting his proffered comparators were similarly

situated to him or that the Officers selectively enforced the Ordinance against him[.]"). The bare assertion that another performer was present in the same general area is insufficient to plausibly state a selective enforcement claim.

The motion is granted to the extent that Count IV against Deputy Paniccia is dismissed. Because it is conceivable that Plaintiff could cure this deficiency by alleging additional facts concerning an appropriate similarly situated comparator, the Court cannot conclude that amendment would necessarily be futile. In an abundance of caution, Count IV is dismissed without prejudice, with leave to amend if Plaintiff may do so in good faith.

***Count VI***

Plaintiff brings Count VI for violation of his due process rights because Deputy Paniccia gave differing explanations as to why Plaintiff could not continue his activities, including references to private property, permits, and a business tax receipt. Deputy Paniccia moves to dismiss for failure to state a claim.

The Due Process Clause protects against deprivations of protected liberty or property interests without constitutionally adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). To state a claim under the Fourteenth Amendment's due process clause, Plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (citations omitted).

Plaintiff does not plausibly allege that he was deprived of any liberty or property interests. Instead, the complaint alleges that Plaintiff disagreed with the

legal bases articulated by Deputy Paniccia during separate encounters. Allegations that an officer provided inconsistent or incorrect legal explanations do not state a procedural due process claim. *See Barnes v. Singer*, No. 3:07-cv-725-J-12MCR, 2009 WL 1748507, at *14 (M.D. Fla. June 19, 2009) ("[A] procedural due process violation that is the product of mistake or innocent neglect cannot form the basis for a section 1983 action.").

Accordingly, the motion is granted to the extent that Count VI against Deputy Paniccia is dismissed. Furthermore, the factual allegations underlying this claim do not suggest that Plaintiff could cure the deficiency through further amendment. As such, Count VI is dismissed with prejudice, without leave to amend.

***Count XI***

Plaintiff brings Count XI for declaratory and injunctive relief against all Defendants. Deputy Paniccia moves to dismiss Count XI because injunctive and declaratory relief are not available against Deputy Paniccia when he has been sued in his individual capacity.

Deputy Paniccia is sued solely in his individual capacity, and individual-capacity defendants lack authority to implement the institutional policy changes and prospective relief Plaintiff seeks. *See Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989) (explaining that the Eleventh Amendment does not "bar suits for equitable relief against state officers in their *official* capacity") (emphasis added). Consequently, Plaintiff fails to establish that the requested equitable relief is available against Deputy Paniccia in this action.

In addition, the Court *sua sponte* finds that declaratory relief and injunctive relief are not independent causes of action. *See Rood v. Town of Ft. Myers Beach, Fla.*, No. 2:20-cv-981-SPC-MRM, 2021 WL 1662761, at *3 (M.D Fla. Apr. 28, 2021) ("But the request for declaratory relief is not a cause of action."); *see also Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. There is no such thing as a suit for a traditional injunction in the abstract.") (citations and quotations omitted).

Accordingly, the motion is granted as to this ground, and Count XI is dismissed, without leave to amend.

***Qualified Immunity***

Deputy Paniccia also raises qualified immunity as a basis for dismissal. Because the Court concludes that Plaintiff fails to state a constitutional claim against Deputy Paniccia, the Court need not reach Deputy Paniccia's qualified immunity defense at this time.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Eugene Paniccia, Individual Capacity's, Motion to Dismiss Plaintiff's Second Amended Complaint" (Doc. 31) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

(2) Counts II and VI against Defendant Eugene Paniccia are **DISMISSED WITH PREJUDICE**, without leave to amend.

(3) Count IV is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Count XI is **DISMISSED**, without leave to amend.

(5) This Order is being entered contemporaneously with other Orders on pending motions to dismiss. Plaintiff is directed to file an amended complaint on or before August 24, 2026. Plaintiff shall omit any claims dismissed with prejudice or without leave to amend. Even if Plaintiff does not intend to replead certain counts, Plaintiff shall file an amended complaint identifying the claims that remain so that there is a single operative pleading. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE