**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

Plaintiff,

v. Case No. 8:26-cv-748-TPB-TGW

CITY OF CLEARWATER, et al.,

Defendants.
_____________________________________/

**ORDER GRANTING "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint," filed by Defendants Lisa and Steve Chandler on May 26, 2026. (Doc. 36). Plaintiff Randle Anthony Ruether, proceeding *pro se*, filed a response in opposition on May 28, 2026. (Doc. 37). Upon review of the motion, response, case file, and record, the Court finds as follows:

**Background**[1]

Plaintiff alleges that while he was operating as an artist at Clearwater Beach and Madeira Beach various defendants were involved in illegally confronting, removing, or citing him for his activities. The Defendants have moved to dismiss Plaintiff's second amended complaint. The 151-paragraph second amended

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

complaint is somewhat confusing. In sum, Plaintiff alleges he is a portrait artist who creates expressive artwork in public places. Between 2023 and 2025, Plaintiff was allegedly confronted, removed, or cited on several occasions by various Defendants while creating portraits and accepting donations on sidewalks in Clearwater Beach and Madeira Beach. Plaintiff alleges that as a result of these encounters, he has experienced stress, anxiety, fear, and lost income and has altered his behavior due to fear of further confrontation.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint bringing claims for: violation of the First Amendment (Counts I and II); violation of the Fourteenth Amendment (Counts III and IV); violation of due process/fair notice (Counts V and VI); municipal liability (Counts VII and VIII); joint action under color of law (Count IX); supervisory liability (Count X); and declaratory and injunctive relief (Count XI). Plaintiff filed a renewed motion for preliminary injunction, which the Court later denied. (Docs. 22; 57). Defendants Lisa and Steve Chandler now move to dismiss the second amended complaint.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court

does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

The Chandlers move to dismiss Count IX on grounds that they are not state actors and therefore cannot be held liable under § 1983. To state a claim under § 1983, a plaintiff must plausibly allege both (1) the deprivation of a constitutional right and (2) that the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotations and citations omitted). In other words, the person alleged to have deprived the plaintiff of the constitutional right "must be a person who may fairly be said to be a state actor." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1978)). The Eleventh Circuit has three primary tests to determine whether state action exists: (1) the public function test, (2) the state compulsion test, and (3) the nexus/joint action test.[2] *See Nat'l Broad. Co. v. Commc'ns Workers of Am. AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988).

---

[2] The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the State." *NBC*, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the state "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* (citations omitted). The nexus/joint action test limits state action to instances where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Id.* at 1026-27 (citations omitted).

Here, Plaintiff does not state any plausible allegations that the Chandlers are state actors acting under color of state law under any of the three tests set out by the Eleventh Circuit. Plaintiff alleges that Steve and Lisa Chandler served as organizers or managers associated with the Pier 60 Sunset Festival, and "on information and belief," coordinated with City personnel regarding access to areas adjacent to or within the festival area. Plaintiff further alleges that festival operations involved the presence of Clearwater police officers and that festival personnel, on certain occasions, complained to or pointed Plaintiff out to law enforcement. Plaintiff baldly concludes that the Chandlers therefore acted jointly with state actors.

But these allegations are insufficient to plausibly establish that either Lisa or Steve Chandler acted under color of state law. Plaintiff points to no facts showing that either of the Chandlers exercised governmental authority, performed a function traditionally and exclusively reserved to the State, acted pursuant to governmental coercion, or jointly participated with law enforcement in the challenged conduct. Plaintiff merely alleges that the Chandlers were associated with a private festival that operated in an area where police officers were present, and that festival personnel interacted with law enforcement regarding Plaintiff's activities. Such allegations do not plausibly establish state action. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277-78 (11th Cir. 2003); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).

Although Plaintiff repeatedly alleges that festival personnel complained to law enforcement or requested law enforcement assistance, even accepting those allegations as true, a private party does not become a state actor by merely reporting perceived misconduct, requesting police assistance, or furnishing information to law enforcement. *See Kelly v. Broward Sheriff's Off. Dep't of Det.'s*, 560 F. App'x 818, 821 (11th Cir. 2014) (explaining that "[m]erely making a report of perceived misconduct and furnishing information to the police" does not constitute joint action under color of state law). The second amended complaint contains no factual allegations suggesting that the Chandlers and law enforcement shared an unconstitutional objective or otherwise jointly participated in the challenged enforcement decisions.

Plaintiff also does not allege any facts showing that either Lisa or Steve Chandler personally participated in the incidents underlying Plaintiff's constitutional claims. Indeed, the factual allegations concerning the encounters identify other festival personnel – not Lisa or Steve Chandler – as the individuals who communicated with law enforcement. The complaint's assertion that the Chandlers "acted jointly with state actors" is simply a legal conclusion unsupported by factual allegations.

Accordingly, Plaintiff has failed to plausibly allege that Lisa or Steve Chandler acted under color of state law, an essential element of a claim under § 1983. The motion is granted and Count IX is due to be dismissed. Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the

district court dismisses the action with prejudice," unless amendment would be futile. *See McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiff has already been given an opportunity to amend his complaint. Furthermore, the factual allegations underlying Count IX do not suggest that Plaintiff could cure the state-action deficiency through further amendment. The Court therefore concludes that further amendment would be futile, and Count IX is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint" (Doc. 36) is hereby **GRANTED**.

(2) Count IX is **DISMISSED WITH PREJDUICE**, without leave to amend.

(3) Lisa and Steven Chandler are **DISMISSED** as Defendants in this action. The Clerk is **DIRECTED** to terminate Lisa and Steve Chandler as parties to this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 10th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE