**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RANDLE ANTHONY RUETHER,

Plaintiff,

v. Case No. 8:26-cv-748-TPB-GDP

CITY OF CLEARWATER, et al.,

Defendants.
______________________________________/

# ORDER GRANTING MOTIONS TO DISMISS

This matter is before the Court on the following motions:

> "Defendant City of Clearwater's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. 98);
>
> "Deputy Eugene Paniccia, Individual Capacity's, Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice" (Doc. 97); and
>
> "Defendant, City of Madeira Beach's Motion to Dismiss Third Amended Complaint" (Doc. 99).

Plaintiff Randle Anthony Ruether, proceeding *pro se*, filed responses in opposition. (Docs. 103; 104; 105). After reviewing the motions, responses, third amended complaint, court file, and record, the Court finds as follows:

## **Background**[1]

This case arises from a series of encounters between Plaintiff Randle Anthony Ruether, a portrait artist, and law enforcement officers while Plaintiff was creating portraits and accepting voluntary donations in pedestrian areas in Clearwater Beach and Madeira Beach. Plaintiff alleges that on various occasions between 2023 and 2026, officers questioned, cited, or directed him to relocate based on municipal ordinances, property restrictions, or the geographic boundaries of the Pier 60 Sunset Festival. Plaintiff contends that these restrictions were selectively enforced against him while other performers or artists were permitted to engage in similar activities without interference.

On March 20, 2026, Plaintiff filed the instant lawsuit and a motion for preliminary injunction. (Docs. 1; 2). He amended his complaint on March 23, 2026. (Doc. 5). On March 30, 2026, the Court *sua sponte* dismissed Plaintiff's amended complaint as an impermissible shotgun pleading with leave to amend and dismissed his initial motion for a preliminary injunction as moot. (Doc. 7). On April 10, 2026, Plaintiff filed his second amended complaint. (Doc. 20). The Court dismissed most of those claims with prejudice but dismissed other claims without prejudice, with leave to amend. *See* (Docs. 75; 76; 77; 78). Plaintiff thereafter filed the operative third amended complaint, asserting claims for: Fourteenth Amendment selective

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

enforcement violation against Sergeant Lee Curtis (Count I), Fourteenth Amendment selective enforcement violation against Deputy Eugene Paniccia (Count II), municipal liability under § 1983 against City of Clearwater (Count III), municipal liability under § 1983 against City of Madeira Beach (Count IV), and supervisory liability under § 1983 against Lieutenant Margaret Hasty, Sergeant Lee Curtis, and Sergeant Corey Lenczden (Count V). (Doc. 93). Defendants now move to dismiss the remaining claims.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

***Count I – Selective Enforcement Against Sergeant Curtis***

In Count I, Plaintiff asserts a Fourteenth Amendment selective enforcement claim against Sergeant Lee Curtis. The Court previously dismissed Plaintiff's selective enforcement claim because Plaintiff failed to plausibly allege that he was treated differently from an individual similarly situated to him in all material respects – Plaintiff had not alleged facts showing that his proposed comparators occupied the same locations, engaged in materially similar conduct, were subject to the same ordinances, or encountered the same officers under comparable circumstances. The Court nevertheless granted Plaintiff leave to amend because it was conceivable that additional facts concerning an appropriate comparator could potentially cure the deficiency.

The third amended complaint does not cure that deficiency. Plaintiff now relies principally on "Nige," another caricature artist whom Curtis allegedly observed near Pier 60 on May 9, 2026. Plaintiff alleges that both men engaged in similar artistic activity and that Curtis threatened Plaintiff with enforcement based on pedestrian obstruction while taking no action against Nige. But Plaintiff also alleges that Nige was apparently participating in the Pier 60 Sunset Festival, while Plaintiff was an independent artist who was not a festival participant. That distinction bears on the regulatory circumstances under which the two individuals were operating. As such, the third amended complaint does not allege facts plausibly establishing that Nige and Plaintiff were subject to the same restrictions under otherwise comparable circumstances. Plaintiff therefore has not plausibly alleged that Nige was similarly situated to him in all material respects. Because the additional allegations fail to cure the deficiency previously identified by the Court, Count I is dismissed.

***Count II – Selective Enforcement Against Deputy Paniccia***

In Count II, Plaintiff asserts a Fourteenth Amendment selective enforcement claim against Deputy Eugene Paniccia. The Court previously dismissed this claim because Plaintiff failed to sufficiently allege an appropriate similarly situated comparator – the second amended complaint alleged only that another performer, "Atticus," was not approached by law enforcement while Plaintiff was, without sufficient allegations concerning Atticus's location, activities, relationship to the applicable ordinance, or other circumstances relevant to the enforcement decision.

The Court granted Plaintiff leave to amend to provide additional facts concerning an appropriate comparator.

Plaintiff's additional allegations concerning Atticus still fail to establish that Atticus was similarly situated to Plaintiff in all material respects. Plaintiff now alleges that Atticus played guitar and accepted tips approximately one week before Plaintiff's April 2, 2025, encounter with Paniccia and approximately twenty to thirty feet from Plaintiff's customary location. But the two incidents occurred on different dates and at different times, and Plaintiff does not allege that Paniccia – or even the same law enforcement officers – observed or encountered Atticus. Nor does Plaintiff allege that Atticus was subject to the same business-tax-receipt requirement, that Atticus lacked any required receipt, or that he was not otherwise exempt from the ordinance. Indeed, Plaintiff expressly acknowledges that he does not know whether Paniccia personally observed Atticus or whether Madeira Beach or the Pinellas County Sheriff's Office treated Atticus as exempt.

The Court does not presume that Atticus possessed a business tax receipt, qualified for an exemption, or was unknown to Paniccia. But it is Plaintiff's burden to plead facts plausibly establishing that Atticus was similarly situated to Plaintiff in all material respects. The third amended complaint fails to do so because it does not allege facts showing that Atticus was subject to the same business-tax-receipt requirement under materially comparable circumstances or that Paniccia knew of Atticus's allegedly comparable conduct. Plaintiff therefore has not cured the deficiency previously identified by the Court, and Count II is dismissed.

***Count III – Municipal Liability Against the City of Clearwater***

In Count III, Plaintiff asserts a municipal liability claim against the City of Clearwater. The Court previously dismissed Plaintiff's municipal liability claim because Plaintiff failed to plausibly allege an official policy, a decision by a final policymaker, or a persistent and widespread custom constituting the moving force behind a constitutional violation. Although Plaintiff described several of *his own* encounters with Clearwater officers, the Court concluded that those allegations did not plausibly establish a persistent and widespread municipal practice having the force of law.

The additional allegations in the third amended complaint do not cure those deficiencies. Plaintiff continues to rely principally on *his own* encounters with Clearwater officers and the relationship between Clearwater and the Pier 60 Sunset Festival. Those allegations do not plausibly establish an official municipal policy or a persistent and widespread custom causing unconstitutional selective enforcement. Moreover, as explained above, Plaintiff has failed to plausibly allege the underlying constitutional violation asserted in Count I. Count III is therefore dismissed.

***Count IV – Municipal Liability Against the City of Madeira Beach***

In Count IV, Plaintiff asserts a municipal liability claim against the City of Madeira Beach. The Court previously dismissed Plaintiff's municipal liability claim because Plaintiff failed to identify an official policy, a decision by a final policymaker, a pattern of similar constitutional violations, or facts supporting any other basis for municipal liability under *Monell*.

The third amended complaint does not cure these deficiencies. Plaintiff now alleges that a trespass warning concerning John's Pass remains active and that counsel represented that the warning "will be enforced as Madeira Beach has requested." But Plaintiff does not identify the City official who allegedly made that request, allege that the official possessed final policymaking authority over the relevant subject matter, or otherwise plausibly allege that the request constituted an official municipal policy or decision. Nor does the allegation that the City requested continued enforcement of the trespass warning, standing alone, plausibly establish that the City directed or authorized unconstitutional conduct.

Plaintiff also fails to plausibly allege an underlying constitutional violation. As explained above, Plaintiff's allegations concerning Atticus do not state a selective enforcement claim. And Plaintiff does not otherwise plausibly allege that the trespass warning or its continued enforcement deprived him of a constitutional right. The allegation that the warning remains in effect, without facts plausibly establishing a constitutional defect in the warning or its enforcement, is insufficient to state a claim for municipal liability. Accordingly, Count IV is dismissed.

***Count V – Supervisory Liability Against Hasty, Curtis, and Lenczden***

In Count V, Plaintiff asserts supervisory liability against Lieutenant Margaret Hasty, Sergeant Curtis, and Sergeant Corey Lenczden. The Court previously explained that supervisory officials are not liable under § 1983 merely because of their supervisory positions. Instead, a plaintiff must plausibly allege that a supervisor personally participated in a constitutional violation or that a

causal connection existed between the supervisor's conduct and the constitutional violation. The Court dismissed Plaintiff's prior claim because his allegations failed to establish the requisite personal participation or causal connection, but granted leave to amend because it was conceivable that Plaintiff could cure those deficiencies.

The additional allegations in the third amended complaint do not cure those deficiencies. Plaintiff's additional allegations concerning his prior interactions with Hasty, Curtis, and Lenczden do not plausibly establish that any Defendant personally participated in an actionable constitutional violation or that a causal connection existed between a supervisor's conduct and such a violation. Moreover, Plaintiff has failed to plausibly allege an underlying constitutional violation upon which his remaining supervisory liability claim could be based. Count V is therefore dismissed.

***Leave to Amend***

The Court previously afforded Plaintiff opportunities to amend these claims and specifically identified the deficiencies that would need to be cured. Although Plaintiff has added factual allegations in the third amended complaint, those allegations remain insufficient to cure the deficiencies identified by the Court. Further amendment is unwarranted, and so each of the claims are dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. "Defendant City of Clearwater's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. 98) is hereby **GRANTED**.
2. "Deputy Eugene Paniccia, Individual Capacity's, Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice" (Doc. 97) is hereby **GRANTED**.
3. "Defendant, City of Madeira Beach's Motion to Dismiss Third Amended Complaint" (Doc. 99) is hereby **GRANTED**.
4. Counts I through V of Plaintiff's Third Amended Complaint (Doc. 93) are **DISMISSED WITH PREJUDICE**, without leave to amend.
5. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE